## Case No. 8,813.

### In re McGUIRE.

[8 Ben. 452.] [1]

District Court, S. D. New York. June, 1876.

BANKRUPTCY—PROOF OF DEBT—REINSTATING JUDGMENT—SURPLUS OF ESTATE.

1. K. recovered judgment against McG., issued execution and collected the amount of the judgment. McG. being afterwards put into bankruptcy, his assignee brought an action against K. and recovered back from him the amount he had collected under his judgment. K. thereafter filed a proof of debt against the estate in bankruptcy, on the judgment, which was objected to by the assignee. It appeared that the assignee had enough money in his hands to pay all the other

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

creditors in full and leave a surplus. *Held*, that the proof of debt filed by K. might stand as against the objection of the assignee.

2. The effect of the recovery of the judgment by the assignee against K., was to reinstate K.'s judgment as against McG., and K. would be entitled to the surplus, to the amount of his judgment, after paying all other creditors in full.

[In the matter of James McGuire, a bankrupt.]

In this case the register certified to the court that one Herman Koehler had proved a claim against the bankrupt's estate for $1,-487.25, which was, on the petition of the assignee, ordered to be re-examined; that, on such re-examination, he had ordered the parties to form issues to be certified into court; that on behalf of the assignee the following was submitted, viz.: "Whether, the claimant having recovered a judgment in a state court against the bankrupt (before the filing of the petition for adjudication) and having received satisfaction of said judgment on execution, and it having been adjudicated in this court, in an action brought by the assignee against the claimant, that the said claimant, by means of said judgment, had obtained a preference in fraud of the bankruptcy act [of 1867 (14 Stat. 517)], and the said claimant having paid and satisfied the judgment of this court thereupon, he can now prove a valid claim against the estate of the bankrupt, upon the said judgment recovered by him in the state court." That on behalf of the claimant the following was submitted, viz.: "It further appearing, by the testimony taken before the register, that there is a sum sufficient in the hands of the assignee, with which to pay all the creditors of the bankrupt in full, and that a surplus will then remain to which the bankrupt would be entitled, provided Koehler's claim be not paid; that the judgment recovered by Koehler in the state court has not been paid or satisfied, the amount which was paid by the sheriff upon the execution issued on that judgment having been recovered back by the assignee in the action against Koehler; that there was no actual fraud procured or attempted by Koehler in recovering said judgment against the bankrupt, nor was there any intent on his part, in so doing, to evade or violate the provisions of the bankruptcy act; and that the bankrupt is dead;" and that the question to be determined was, whether, upon these facts, the motion to expunge the claim should be granted.

F. Smyth, for creditor.
W. F. Scott, for assignee.

BLATCHFORD, District Judge. As Koehler does not claim to share with the other creditors who have proved their debts, in the bankrupt's estate, but asks only that, after the other debts are paid in full, he may have the surplus of the assets applied on his debt, it is manifest that the other creditors, and the assignee as representing them, have no interest or concern in the question as to whether the proof of debt made by Koehler should be allowed to stand or not. Whether it stands or not, the amount to be received by the other creditors will be the same. There is enough to pay them in full, if Koehler's claim is not to share in so much as will be required to pay them in full. Therefore, as against any objection which those creditors, or the assignee as representing them, have a right to make, the proof of debt ought to stand. As against the surplus which will be left after paying the other creditors in full, and as against the bankrupt, or his representatives, as otherwise entitled to such surplus, the proof of debt ought to be allowed to stand. The effect of the recovery by the assignee against Koehler, and of the payment thereunder by Koehler to the assignee, was to reinstate the judgment in favor of Koehler against the bankrupt, as between Koehler and the bankrupt, and this court ought not to pay over the surplus in its hands to the bankrupt or his representatives, provided the said judgment is still unsatisfied, but it ought to pay such surplus to Koehler. In the suit brought by the assignee against Koehler, the assignee had no right to recover from Koehler more than the amount necessary to pay in full the creditors other than Koehler. The surplus, as between the bankrupt and Koehler, belonged to Koehler, and ought now to be refunded to him.